Gregorio OSTOLAZA–AYALA, Petitioner,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 03–73921.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.**

Submission withdrawn May 13, 2005.

Resubmitted June 1, 2005.

Decided June 6, 2005.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Frank P. Sprouls, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, David M. McConnell, Julia Doig Wilcox, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, HAWKINS, and GRABER, Circuit Judges.

### MEMORANDUM ***

The immigration judge did not abuse his discretion in denying the motion to terminate removal proceedings.[1]

The regulation at issue, 8 C.F.R. § 239.2(f) (2001), provides that an "immigration judge may terminate removal proceedings to permit the alien to proceed to a final hearing on a pending application or petition for naturalization when the alien has established prima facie eligibility for naturalization." The immigration judge did not err by determining that Ostolaza–Ayala could not establish prima facie eligibility for naturalization because Ostolaza–Ayala could not prove that he had been a person of good moral character for five years preceding the filing of his naturalization application.[2]

Ostolaza–Ayala cannot prove he is a person of good moral character because he was convicted of two crimes involving moral turpitude.[3] Ostolaza–Ayala argues that the petty-offense exception found in 8 U.S.C. § 1182(a)(2)(A)(ii)(II) should apply to him. The petty-offense exception, however, plainly states that the crime of moral turpitude designation "shall not apply to an alien who committed *only one crime*" if the maximum penalty for the crime was less than a year and the alien was not sentenced to more than six months of imprisonment.[4] Because Ostolaza–Ayala was convicted of two crimes, the petty offense exception does not apply to him.

Our holding in *United States v. Corona–Sanchez*[5] is not to the contrary. In *Corona–Sanchez*, we held that a misdemeanor theft conviction was not an aggravated felony and that an additional conviction under California Penal Code § 666, "Petty Theft with a Prior Jail Term for a Specific Offense," did not make the crime an aggravated felony simply because it increased the term of imprisonment to two

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The parties were ordered to file letter briefs on the issue of whether this appeal should be dismissed as moot. Under 8 U.S.C. § 1429, no application for naturalization shall be considered if removal proceedings are pending, so petitioner's application would not have been considered regardless of whether he had appeared at the time set for his interview.

2. *See* 8 U.S.C. § 1427.

3. *See* 8 U.S.C. § 1182(a)(2).

4. 8 U.S.C. § 1182(a)(2)(A)(ii)(II) (emphasis added).

5. *United States v. Corona–Sanchez*, 291 F.3d 1201 (9th Cir.2002) (en banc).

years.[6] We did not hold that a second-degree burglary conviction and conviction for petty theft with priors are only "one" crime for the purposes of the petty-offense exception. Although Ostolaza–Ayala's two criminal convictions arose out of one transaction—shoplifting at Home Depot—they are two separate crimes with different elements.

Petition Denied.